UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYON C. KOELLER,

    Petitioner,

v.

MELISSA ANDREWJESKI,

    Respondent.

CASE NO. 2:22-cv-00046-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 5, 2022

    The District Court has referred this action to Chief United States Magistrate Judge J. Richard Creatura. Petitioner Bryon C. Koeller filed his federal habeas petition on January 18, 2022, pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 6, 9-2. Also before the Court is petitioner's motion to stay this action until he exhausts state remedies. Dkt. 20.

    In his petition, petitioner raises seven grounds for review, including claims relating to destruction of evidence, prosecutorial misconduct, ineffective assistance of counsel, and cumulative error. Dkt. 9-2. However, as petitioner now concedes, none of these claims has been

exhausted in state court. Dkt. 20. In his motion to stay, petitioner requests the stay so that he can return to state court to exhaust those habeas claims. *Id*. Respondent opposes the motion and requests that the Court dismiss the habeas petition without prejudice rather than issue a stay. Dkt. 22.

The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice. Further, petitioner has not shown that he is entitled to a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), and thus the Court recommends that the motion to stay (Dkt. 20) be denied.

## BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his convictions of indecent liberties with forcible compulsion and child molestation. Dkt. 16-1, Exh.1. Petitioner was sentenced on May 3, 2019. *Id*. He appealed his convictions to the Washington Court of Appeals and sought discretionary review before the Washington Supreme Court. Dkt. 16-1, Exhs. 2, 7. The Washington Supreme Court denied the petition for review on April 28, 2020, and the Court of Appeals denied petitioner's appeal on November 2, 2020. Dkt. 16-1, Exh. 8. The mandate was issued by that court on June 1, 2021. Dkt. 16-1, Exh. 9.

Petitioner filed this petition on January 18, 2022. *See* Dkts. 1, 6, 9-2. Petitioner raises seven grounds for relief all based on his claim that he is unlawfully detained. *See* Dkt. 9-2. On May 10, 2022, respondent filed an answer asserting that petitioner has not properly exhausted his available state court remedies. Dkt. 15. Respondent maintains that the petition should be dismissed without prejudice for failure to exhaust state court remedies and did not brief the merits of petitioner's claims. *Id*.

Petitioner did not file a traverse. Rather, petitioner has now filed a motion seeking a stay of this action. Dkt. 20. He concedes that his habeas claims are unexhausted and requests that his case be stayed rather than dismissed so that he can return to state court to exhaust his claims. *Id*. Respondent opposes the motion to stay arguing that petitioner has not demonstrated good cause for his failure to exhaust and, instead, that the petition should be dismissed without prejudice. Dkt. 22.

## DISCUSSION

Petitioner's federal habeas action consists entirely of unexhausted claims. Dkt. 9-2. Because respondent has filed an answer (Dkt. 15) arguing that the petition should be dismissed based on petitioner's failure to exhaust his state court remedies, the Court will address exhaustion and available state remedies prior to petitioner's motion to stay.

### I.  Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges his 2019 judgment and sentence. Dkt. 9-2. He acknowledges in the petition as well as in his motion to stay that, after the state courts adjudicated his direct appeal, he did not seek further review by a higher state court. *Id*. at 3; Dkt. 20. Because the state courts have not yet had a full and fair opportunity to consider the merits of petitioner's claims,

the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

## II.   Available State Remedies

If there is a state remedy available, petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Here, at the time petitioner filed this habeas action on January 18, 2022, state remedies were available to him. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, petitioner did not file a motion for collateral attack, thus, his judgment became final for purposes of state law on June 1, 2021, the date the Washington Court of Appeals issued its mandate disposing of the direct appeal. Dkt. 16-1, Exh. 9; RCW § 10.73.090(3)(b). Petitioner had one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a).

Because petitioner failed to properly exhaust his state remedies and state remedies remained available to him when he filed this action, the Court recommends that the petition be dismissed without prejudice. *See Hill v. Hill*, No. CV 00-598-JE, 2001 WL 34727917 (D. Or. June 29, 2001). Further, while it appears petitioner's claims may now also be procedurally defaulted, because the Court is recommending dismissal of his petition without prejudice and

denial of his motion to stay based on a failure to exhaust while state remedies were still available to him, it need not reach that issue here.

### III. Motion to Stay

In the motion to stay petitioner concedes that he has not properly exhausted his available state court remedies because he was "under the impression" that his attorney exhausted all of his state court remedies. Dkt. 20 at 1. A district court may stay a petition if: (1) petitioner has "good cause" for failure to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion. *Rhines*, 544 U.S. at 276.

The Ninth Circuit held in *Mena v. Long,* 813 F.3d 907, 911 (9th Cir. 2016), that a district court has discretion to stay fully unexhausted petitions under *Rhines*. Nevertheless, if employed too frequently, stays and abeyances have the potential to undermine the twin purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA")—encouraging finality and streamlining federal habeas proceedings because stays delay resolution and decrease the incentive to exhaust all claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277. Therefore, "stay and abeyance should be available only in limited circumstances." *Id.*

Good cause does not require "extraordinary circumstances." *Wooten v. Kirkland,* 540 F.3d 1019, 1023 (9th Cir. 2008). However, as the Ninth Circuit held in *Wooten*, the failure to exhaust based on reasons such as the petitioner was "under the impression" that his counsel included all the issues raised before the court of appeals in his petition to the state's highest court does not constitute good cause. *Id.* at 1024. Such a broad interpretation of "good cause" would allow routine stays of habeas petitions and would undermine the goals of AEDPA, which

authorizes stays of such petitions only in "limited circumstances." *Id.*; *see also Blake v. Baker*, 745 F.3d 977, 981 (9th Cir. 2014) (explaining the holding in *Wooten* as "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—did not satisfy the good cause requirement."). The burden is on the petitioner to demonstrate good cause for his failure to exhaust state court remedies, to show that the unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

Here, petitioner has not shown good cause for the requested stay under *Rhines*. Although petitioner acknowledges that a "mistake was made" in not exhausting his state court remedies (*see* Dkt. 20 at 2) and that he was "truly ignorant of the law," (*see* Dkt. 23 at 2), a mistake or ignorance of law is insufficient to constitute good cause. *Benavides v. Montgomery*, No. 21-cv-1186-BAS-RBM, 2022 WL 102204, at *5 (S.D. Cal. Jan. 7, 2022) (*pro se* petitioner's "false impression" of the law deemed inexcusable and insufficient cause for *Rhines* stay), *adopted by* No. 21-cv-1186-BAS-RBM, 2022 WL 347611 (S.D. Cal. Feb. 4, 2022); *Avalos v. Sherman*, No. CV 17-7948-ODW-JPR, 2018 WL 5304855, at *5 (C.D. Cal. Sept. 10, 2018) (stating "[i]gnorance of the law does not constitute 'good cause' for a *Rhines* stay"), *adopted by* No. CV 17-7948-ODW-JPR, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018). And while the Court recognizes petitioner has filed two affidavits in support of his motion to stay, because the affidavits describe efforts to file the federal habeas petition and do not provide any further potential excuse for failing to exhaust his claims in state court, the affidavits are not relevant to the motion to stay. *See* Dkt. 24.

Because petitioner has failed to show good cause for his failure to exhaust state court remedies, the Court need not consider whether his unexhausted claims have merit or whether

petitioner has engaged in abusive litigation tactics. *See Wooten*, 540 F.3d at 1023 (finding that "the district court did not abuse its discretion in concluding that [petitioner] did not have 'good cause' for failing to exhaust his cumulative error claim" and "[a]s a result, [the court] need not reach the other two factors in the *Rhines* test").

The Court recommends that the motion to stay (Dkt. 20) be denied.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court recommends that the habeas petition (Dkt. 1, 6, 9-2) be dismissed without prejudice. The Court also recommends that the motion for a stay (Dkt. 20) be denied. No evidentiary hearing is necessary, and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 5, 2022, as noted in the caption.

Dated this 18th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge