UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYON C. KOELLER,

        Petitioner(s),

v.

MELISSA ANDREWJESKI,

        Respondent(s).

CASE NO. 2:22-cv-00046-TL

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed a federal habeas petition seeking relief from his state court conviction and sentence pursuant to 28 U.S.C. § 2254 (Dkt. Nos. 1, 6, 9-2) as well as Motions to Stay[1] to allow Petitioner to exhaust state remedies (Dkt. Nos. 20, 23). This matter comes before the Court on the Report and Recommendation of J. Richard Creatura, Chief United States Magistrate. Dkt. No. 25. Having reviewed the Report and Recommendation, Petitioner's Objection to Report and Recommendation (Dkt. No.26), Respondent's Response to Petitioner's Objections to Report and

---

[1] Petitioner also filed an amended motion to stay. Dkt. No. 23. The Court refers to the original and amended motions to stay collectively as "Motions to Stay".

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Recommendation (Dkt. No. 27), Respondent's Response to Petitioner's Motion to Stay (Dkt. No. 22), and the remaining record, the Court ADOPTS the Report and Recommendation, OVERRULES the Petitioner's objection, and DENIES Petitioner's Motion to Stay.

## I.   LEGAL STANDARD

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Petitioner filed a timely objection.[2]

## II.   DISCUSSION

### A.   Exhaustion

The Magistrate Judge recommends Petitioner's habeas petition be denied because he failed to properly exhaust his state remedies on the six grounds raised in his petition. With regard to the exhaustion issue, Petitioner only objects as to his first ground for relief, which he asserts he fully exhausted. Dkt. No. 26 at 5.

Ground one questioned whether "Petitioner's rights to a fair trial and due process were violated when multiple state actors . . . destroyed exculpatory, material evidence that was not

---

[2] Petitioner also filed a Reply to the Response to Petitioner's Objections to Report and Recommendation. Dkt. No. 28. Pursuant to LCR 72(b), "No reply will be considered." Even if the Court were to consider the Petitioner's Reply, it was largely duplicative of arguments already raised in his Motions to Stay.

otherwise available to the defense." Dkt. No. 9-2 at 3. One of the headings in Petitioner's Petition for Discretionary Review to the Washington Supreme Court (Brief) stated: " . . . the Court of Appeals categorically refused to address the crux of Mr. Koeller's argument that the State destroyed exculpatory evidence in violation of RCW 40.14.070." Dkt. No. 16-1 at 199. At first glance, the heading appears to match ground one of his habeas petition. However, a review of the actual content in that section of the Brief reveals that the issue actually raised was whether the State's actions "should be construed as bad faith." *Id.* at 200. The brief went on to assert that "[b]ecause the State's destruction of the video was a such heavily litigated issue at the trial court and Court of Appeals, it cannot be said that the Respondent was prejudiced by Mr. Koeller's failure to assign error to the trial court's finding of fact regarding bad faith." *Id.* at 202.

Similarly, another section of the Brief raises that "[t]he Oak Harbor Police Department's violation of its own record retention policy and the PDPRA[3] violated due process, entitling Mr. Koeller to relief." *Id.* at 206. But again, the argument actually raised in the Brief centers on the issue of bad faith:

> CrR 8.3(b) allows a trial court to dismiss a criminal action based on governmental misconduct, which need not be of an evil nature; simply mismanagement is enough. *State v. Michielli*, 132 Wn.2d 229, 239, 937 P.2d 587, 592 (1997). *State v. Wittenbarger*, which adopted the federal standard enunciated in *Arizona v. Youngblood*, holds that due process is not violated if the State has destroyed potentially exculpatory evidence, but did not act in bad faith. *State v. Wittenbarger*, 124 Wn.2d 467, 477, 880 P.2d 517, 522 (1994). Whether the State acted in bad faith is a mixed question of law and fact and reviewed de novo on appeal. *Tapper v. State Employment Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993). Mr. Koeller asserted that the destruction of evidence pertaining to an investigation of child abuse, when delayed reporting and multiple victims are unique features specific to child abuse cases, should be considered bad faith or alternatively, government mismanagement. The standard for whether the government engaged in misconduct in these types of cases should be curtailed as such. Awareness of delayed reporting inherent in child abuse cases combined with the willful destruction of evidence in violation of an independent statutory duty to

---

[3] The Preservation and Destruction of Public Records Act, RCW 40.14.070.

preserve should persuade a court that a government actor committed misconduct and acted in bad faith.

*Id.* at 209-210.

"[D]istinct claims with separate elements of proof. . . should [ ] be[ ] separately and specifically presented to the state courts" even if the claims may be related. *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005). With a *Youngblood* claim, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). However, for a *Brady* claim, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In other words, the good or bad faith of the State is irrelevant for a *Brady* claim. *Youngblood*, 488 U.S. at 57. Accordingly, whether the state's violation of the PDPRA constitutes bad faith under *Youngblood* is a distinct claim from whether the destroyed evidence was material, exculpatory evidence under *Brady*. Petitioner presented the former claim to the Washington Supreme Court but not the latter. Therefore, the Magistrate Judge was correct in his determination that Petitioner failed to properly exhaust his state remedies, and state remedies remained available to him when he filed this action. Dkt. No. 25 at 4.

B.   **Motions to Stay**[4]

The Ninth Circuit has held that district courts have the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines v. Weber*, 544

---

[4] Petitioner's objection requests that, in the alternative to a stay, the Court allow him to amend his petition to only include the first ground. However, this request was based on Petitioner's belief that he had properly exhausted his state remedies on the claim raised in the first ground. As discussed in Section II.A. of this Order, the Court finds Petitioner had not exhausted his state remedies on the first ground. Therefore, the Court will not consider Petitioner's proposed alternative to a stay.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

U.S. 269, 278 (2005). *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016); *see also Bynoe v. Baca*, 966 F.3d 972, 977 (9th Cir. 2020). In *Rhines*, the Supreme Court held that a district court may stay a petition if the petitioner meets three conditions: (1) the petitioner had good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. 544 U.S. at 278.

The Magistrate Judge recommends that Petitioner's motion to stay be denied for failure to show good cause for the requested stay. Dkt. No. 8 at 6-7. Petitioner submits that he has good cause for a stay because he relied on the advice of his retained (paid) appellate counsel in filing the habeas petition rather than pursuing his state remedies when state remedies were still available to him.[5] *See generally* Dkt. No. 26. Petitioner states, "I was under the impression that my attorney exhausted all my state remedies." Dkt. No. 20 at 1. In his objection, Petitioner represents that "Koeller, truly and honestly, did not know his claims were unexhausted until it was brought to his attention." Dkt. No. 26 at 1-2. He also asserts that "he believed his paid attorney . . . [his attorney's] advice, direction, and actions were in conflict with filing for habeas relief and state exhaustion grounds." *Id.* at 3.

While the Court accepts as true Petitioner's assertions and can understand how he "was confused and overwhelmed with the habeas process," *id.*, this Court is bound by Ninth Circuit precedent. And the Ninth Circuit has held that a petitioner's lack of knowledge that a claim was not exhausted *when the individual was represented by counsel* does not meet the good cause standard in *Rhines*. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). In *Wooten*, the petitioner explained his failure to exhaust by stating that "he was 'under the impression' that his

---

[5] Petitioner's judgment became final for purposes of state law on June 1, 2021 (Dkt. No. 16-1 at 458), RCW § 10.73.090(3)(b), and he had one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court. RCW § 10.73.090(1), (2), (3)(a). Petitioner filed this habeas action on January 18, 2022, when state remedies were still available to him.

counsel included all of the issues raised before the [state] [c]ourt." *Id.* The Ninth Circuit further explained, "if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay." *Wooten*, 540 F.3d at 1024.[6] The Court also pointed out that when petitioner called his counsel ineffective, he did not develop any ineffective assistance of counsel argument, such as showing that his counsel's performance "'fell below an objective standard of reasonableness' or that 'the deficient performance prejudiced him.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

      The facts here are similar to those in *Wooten* where counsel for the petitioner on direct appeal sent him a copy of his petition for review in the state supreme court which did not mention the issue that was the focus of the exhaustion claim on his habeas petition. *Wooten*, 540 F.3d at 1024, n.2. In this case, Petitioner states in his affidavit in support of his motion to stay that he was represented during both his direct review and in filing for discretionary review by the Washington Supreme Court. Dkt. No. 24 at 1. His direct appeal (Dkt. No.16-1 at 39-91) and his statement of additional grounds (*id.* at 91-106) raised a host of issues on appeal, including a number of the claims raised in his habeas petition. In his Petition for Discretionary Review, he chose to proceed with only two of his original arguments. *Id.* at 196. Petitioner's appellate counsel "had me review the petition before it was filed. The petition looked good to me and I trusted him and his years of experience." Dkt. No. 24 at 1. Therefore, while relying on his counsel, Petitioner and his counsel made a strategic decision about what issues to pursue before the Washington Supreme Court, and Petitioner was aware of what claims were being advanced

---

[6] The Ninth Circuit has also held, "we do not find the distinctions between mixed petitions and fully unexhausted petitions sufficiently meaningful to warrant different treatment." *Mena*, 813 F.3d 911.

as well as which ones were being dropped. Petitioner may now have buyer's remorse, but that is not something for which this Court can provide relief. Given the facts in this case, Petitioner has not sufficiently developed any ineffective assistance of counsel argument and his being "under the impression" that his attorney exhausted his state remedies is insufficient to establish good cause for a stay under Ninth Circuit law.

Petitioner cites two cases in his objection: *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017) and *Moran v. Lovelock Corr. Ctr. Warden*, 2021 WL 2809437 (D. Nev. June 21, 2021). But *Dixon* reinforces the holding in *Wooten*: "a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." *Dixon*, 847 F.3d ay 720 (quoting *Wooten*, 540 F.3d at 1024)). *Moran* is a district court case from another jurisdiction that cites the well-established, basic tenet that the "good cause" standard does not require "extraordinary circumstances" and then applies the requirements set forth in *Rhines* and *Wooten*. *Moran*, 2021 WL 2809437 at *3. In addition, both *Dixon* and *Moran* involved petitioners who were *pro se* or *without* counsel in state post-conviction proceedings. *Dixon*, 847 F.3d at 721 ("[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel"); *Moran*, 2021 WL 2809437 at *4 ("That a habeas petitioner was *pro se* during his state post-conviction proceedings is sufficient to constitute good cause for failing to exhaust claims"). That is not the situation here as Petitioner was represented by counsel.

The Court agrees with the Magistrate Judge's analysis of this issue, including his conclusion that since Petitioner fails to meet the first *Rhines* condition, the Court need not reach the remaining factors. The Court also agrees with the recommendation that Petitioner's motion to stay must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

1. The Report and Recommendation (Dkt. No. 25) is APPROVED and ADOPTED.
2. Petitioner's federal habeas petition is dismissed without prejudice.
3. Petitioner's Motions to Stay (Dkt. Nos. 20, 23) are DENIED.
4. The Clerk is directed to send copies of this Order to Chief Judge Creatura, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of October 2022.

Tana Lin
United States District Judge